FAM: 12/1/2006 7:42:59 AM

In the United States District Court
Northern District of Illinois, Eastern Division

Jacqueline Fegan,

    Plaintiff,

v.

Robert Reid #17285, James Young #8883,
Michael Drew #13167, Denis Doherty #8222,
and the City of Chicago, a municipal Corporation
and body politic,

    Defendants.

No.:

06CV6767
JUDGE LEFKOW
MAGISTRATE JUDGE MASON

## Complaint

Jacqueline Fegan complains against Robert Reid, James Young, Michael Drew, Denis Doherty and the City of Chicago as follows:

1. This action seeks damages under federal law, 42 U.S.C. §1983, for defendants' acts in violation of plaintiff's rights under the Fourteenth and Fourth Amendments to the United States Constitution. This action also seeks damages under Illinois law for false arrest, false imprisonment, battery, civil conspiracy and intentional infliction of emotional distress.

## Jurisdiction

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331 and this court's supplemental jurisdiction. Venue in this district is predicated on 28 U.S.C. Section 1391 (b).

1

Parties

3. At all times material hereto, the plaintiff was a resident of the City of Chicago, Illinois and entitled to be free from false arrest and seizure, battery, false imprisonment, intentional infliction of emotional distress and malicious conduct by police officers.

4. At all times material hereto, plaintiff was employed as a supervisor by the City of Chicago in the Traffic Management Authority [TMA]. TMA is part of the City of Chicago Office of Emergency Management and Communications. Part of the duties of employees of the Traffic Management Authority is the issuing of parking tickets for City of Chicago municipal parking violations.

5. At all times material hereto, defendant Robert Reid [Reid] was a sworn law enforcement officer employed by the Chicago Police Department. At all times material hereto defendant Reid was acting under color of state law. Reid is sued individually.

6. At all times material hereto, defendant James Young [Young] was a sworn law enforcement officer employed by the Chicago Police Department. At all times material hereto defendant Young was acting under color of state law. Young is sued individually.

7. At all times material hereto, defendant Michael Drew [Drew] was a sworn law enforcement officer employed by the Chicago Police Department. At all times material hereto defendant Drew was acting under color of state law. Drew is sued individually.

8. At all times material hereto, defendant Denis Doherty [Doherty] was a sworn law enforcement officer employed by the Chicago Police Department. At all times material hereto defendant Doherty was acting under color of state law. Doherty is sued individually.

9. At all times aforesaid and at all relevant times, Reid, Young, Drew and Doherty were the agents, servants and employees of the City of Chicago and were acting within the scope of their agency, service and employment with the City of Chicago.

10. The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the City of Chicago was the employer of defendants Reid, Drew, Young and Doherty.

11. On July 25, 2006 plaintiff filed a Notice of Claim for Personal Injuries with the City of Chicago Corporation Counsel's Office and the City of Chicago Clerk's Office (a copy of which is set out hereto as exhibit 'A' and made a part hereof).

## Facts Common to all Counts

12. On or about May 18, 2006, at approximately 12:30 p.m., Fegan while on duty in uniform and wearing TMA identification arrived at or near 700 N. Michigan Avenue, Chicago, Illinois (intersection of Michigan and Superior). Fegan arrived at the scene in a marked TMA vehicle to check on her subordinates. Fegan parked her marked vehicle in the median at the intersection of Michigan and Superior. Fegan's TMA identification identified her as a TMA employee.

13. As part of her employment, Fegan was carrying a City of Chicago communication two-way radio set to a Chicago police department frequency.

14. At that time and date Fegan learned that one of her subordinates, Dionne Farmer, had lawfully ticketed a civilian minivan for illegally parking in a no-parking zone.

15. Based on information and belief, the illegally parked vehicle belonged to defendant Reid.

16. At that time and date, defendant Reid approached Fegan demanding that she "non-suit" the parking ticket. At all times material hereto, Reid was in a Chicago Police Department uniform.

16A. Before Reid demanded Fegan 'non-suit' the parking ticket he had received, Reid had engaged in radio transmissions with Chicago Police Department dispatchers concerning the parking ticket and in a agitated state demanded a TMA supervisor at his location stating "I need whoever's in charge of these people, the meter maids out here. Send them over here, will you?" Reid's purpose in having a TMA supervisor present at his location was to have the parking ticket immediately non-suited. Reid then demanded a TMA supervisor be present at the 18th District police headquarters to non-suit the parking ticket if he could not be located at 700 N. Michigan Avenue, Chicago, IL.

17. At that time and date, Reid was accompanied by defendants Young, Drew and Doherty, all in Chicago police department uniforms.

18. Fegan informed Reid that she had no authority to "non-suit" the parking ticket, only her superior had that authority. Fegan advised Reid to speak to her supervisor or his commander about non-suiting the ticket. Reid did not tell Fegan that he had already been in radio contact with CPD dispatch and that dispatch was arranging for TMA supervisory personnel to meet Reid either at 700 N. Michigan Avenue or at the 18th district to clear up the parking ticket.

19. Because Fegan could not "non-suit" the parking ticket, Reid became enraged and irate. He threatened Fegan with arrest if she did not "non-suit" the parking ticket. Reid also threatened Fegan that if she did not "non-suit" the parking ticket he and other members of the

4

Chicago Police Department would never lend assistance to any member of TMA, including herself.

20. At this time, the other defendants demanded that Fegan "non-suit" the parking ticket.

21. Because of Fegan's inability to "non-suit" the ticket, Reid threatened Fegan with arrest for "jaywalking." Reid threatened Fegan with arrest if she stepped off the curb.

22. Some time later, Fegan's partner, Thomas Ryan, another TMA supervisor, arrived on the scene and parked his marked TMA vehicle in the median.

23. Fegan stepped off the curb in order to speak with her partner. Fegan had been peacefully and legally conducting herself at all times.

24. Immediately, Reid grabbed Fegan's arm. He forcibly "whipped" her arm backwards pulling her back towards him causing severe pain and suffering.

25. Reid announced that Fegan was under arrest for jaywalking.

26. Reid forcefully and with intent to commit bodily harm twisted Fegan's arm behind her back causing pain and suffering.

27. Reid then solicited the assistance of another defendant and told him to grab Fegan's other arm and handcuff her. Fegan was handcuffed with her hands behind her back.

28. Fegan cried out in pain and felt something "pop" in her arm. Fegan asked the defendants to take her to Northwestern Hospital because they may have broken her arm. The defendants refused Fegan access to medical care and attention. Despite her injuries, defendants Reid, Drew, Young and Doherty refused to take to her to the nearest hospital or other appropriate medical facility to obtain treatment for her injuries.

29. Fegan sustained severe injuries as a result of being battered by the defendants.

30. At no time did any of the defendants intervene or render assistance to Fegan who was being illegally arrested and battered.

31. At no time did Fegan resist her unlawful and illegal arrest and seizure.

32. Reid and another defendant picked Fegan up and without regard for her safety tossed her into the back of a City of Chicago squadrol. Immediately prior to placing Fegan in the squadrol, the defendants removed a young African-American arrestee from the back of the squadrol and placed this individual in the front seat.

33. At the time Fegan was tossed into the back of the squadrol, she had her issued City of Chicago two-way radio.

34. Although handcuffed Fegan was able to broadcast a distress call over a City of Chicago radio frequency informing the dispatcher that she was battered by the defendants and illegally arrested.

35. During this distress transmission Fegan requested that a Chicago Police Department supervisor or sergeant and personnel from the Office of Professional Standards be present when she arrived at the 18th District police headquarters in order to file a formal complaint against the defendants.

36. Based on information and belief, Fegan was transported to the 18th District Chicago Police headquarters by defendants Young and Doherty, all the while handcuffed in the back of a locked squadrol. Despite her pleas for medical attention, Young and Doherty failed to take plaintiff to the closest hospital or medical facility.

37. When Fegan arrived at the police station she placed in a locked cell.

38. While under arrest at the police station, Fegan told Chicago police department supervisory personnel that she wished to file criminal charges against the defendants. Chicago

police supervisory personnel refused to allow Fegan to file criminal charges against the defendants for battery and other official misconduct.

39. Shortly after Fegan's illegal arrest the defendants filed false police reports and/or made false statements concerning Fegan's conduct. The defendants falsely claimed that on May 18, 2006 Fegan became belligerent and loud when Reid explained to her that he received the parking ticket while responding to a police call. Their false report claims that Fegan committed the criminal offenses of aggravated battery to a police officer – a Class 3 felony (conviction carries a penalty of imprisonment for not less than two and not more than five years in the state penitentiary), reckless conduct and battery causing bodily harm – both Class A misdemeanors (punishable by up to 364 days in jail). Their false statements included but were not limited to:

A. Fegan said "there's no way they'll non-suit it we're told by Killacky (Fegan's superior) to write police officer's cars" all the while pointing her finger in Reid's face;

B. Fegan also stated "you don't know who I know or how I got my job";

C. When Fegan started to step off the curb into extremely heavy traffic, Reid stopped her for her own safety. Fegan stated "yeah right, who do you think you are? I don't take orders from you." Reid escorted her off the street after numerous cars had to brake and swerve in order to avoid hitting her;

D. Fegan became combative striking Reid with her hands and arms;

E. When Reid attempted to escort Fegan to the squadrol she resisted by pulling her body and weight in the opposite direction;

F. Fegan refused to walk up the stairs and enter the squadrol. Reid had to walk up the stairs backwards in order to lift Fegan inside the squadrol, all the while Fegan continued to struggle and threaten job action against Reid;

  G. Reid sustained injuries to his right shoulder and both knees while arresting Fegan; and

  H. Fegan stated to Doherty and Young that "when she makes a phone call she won't spend 5 minutes in jail."

  40. The reports and/or statements of defendants concerning the allegations that Fegan battered Reid and resisted an unlawful arrest were false, untrue and fabricated.

  41. The reports and/or statements of defendants to the City of Chicago Police Department were false, untrue and fabricated by them and made for the purpose of conspiring and covering-up both their criminal conduct and their violation of Fegan's civil rights. The defendants filed false reports to try to protect themselves from liability for false arrest, excessive force, brutality, battery and other official misconduct.

  42. The false reports and/or statements of the defendants were given to supervisory personnel of the Chicago Police Department and approved by Chicago Police Department supervisory personnel.

  43. Personnel from the Chicago Police Department refused to interview civilian eyewitnesses who were present at the 18th District police headquarters. These civilian eyewitnesses corroborated Fegan's version of the events that she did not batter Reid, resist arrest or commit any criminal offense or violate any municipal ordinance.

  44. After her arrest Fegan filed a complaint with the City of Chicago's Police Department's Office of Professional Standards alleging an illegal arrest, police brutality and misconduct, among other charges, against all the involved officers, including unknown officers.

  45. Fegan was eventually released without formal charges being placed against her.

46. After being released from custody, Fegan immediately sought medical care and treatment for the injuries she sustained as a result of the illegal arrest and seizure, excessive force, battery, brutality and other misconduct by defendants.

### Count I – Unlawful Seizure of Fegan – Federal Claim

47. Plaintiff incorporates by reference paragraphs 1 through 46, inclusive, as paragraph 47 of Count I, as if fully set forth herein.

48. At the time defendants Reid, Drew, Young and Doherty placed Fegan under arrest and took her into custody, the defendants knew that they did not have probable cause or even reasonable suspicion to believe that Fegan had committed any offense justifying her arrest. The defendants knew that plaintiff was a City of Chicago employee and without authority to "non-suit" Reid's parking ticket. The defendants knew that Fegan was not guilty of the charges for which she was arrested.

49. All the defendants violated Fegan's Fourth and Fourteenth Amendment rights under the United States Constitution, to be free from unreasonable seizure of her person, when they placed Fegan under arrest on May 18, 2006.

50. As a direct and proximate result of the defendants' violation of Fegan's Fourth and Fourteenth Amendment rights, Fegan endured pain and suffering, mental anguish, severe emotional distress, humiliation and embarrassment.

51. At all relevant times, the defendants' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, Jacqueline Fegan, demands judgment against defendants Robert Reid, Michael Drew, James Young and Denis Doherty in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages, reasonable attorneys fee and costs.

### Count II – Excessive Force – Federal Claim

52. Plaintiff incorporates by reference paragraphs 1 through 46, inclusive, as paragraph 52 of Count II, as if fully set forth herein.

53. During Fegan's unlawful arrest, Reid grabbed Fegan's arm and forcibly pulled her causing severe pain and injuries to her arm and wrist.

54. After defendants placed handcuffs on Fegan, one of the defendants pressed down on the handcuffs in order to make them as tight as possible solely to inflict pain and anguish on Fegan. As a result, the handcuffs were painful and did cause pain and injury to Fegan's wrists. Following her release from custody, Fegan sought medical attention for her injured wrist and arm.

55. During Fegan's unlawful arrest, she was forcibly tossed into a Chicago Police Department squadrol without regard for her safety while handcuffed with her hands behind her back causing severe pain and injuries to her arm.

56. Fegan has undergone surgery to repair torn tendons caused by the illegal and unlawful conduct of the defendants.

57. The force used by the defendants was excessive and violated Fegan's rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a direct and proximate result of defendants' violation of Fegan's Fourth and Fourteenth Amendment rights plaintiff has endured pain and suffering, mental anguish, severe emotional distress, humiliation and embarrassment.

59. At all relevant times, the actions of defendants were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, Jacqueline Fegan, demands judgment against defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages, reasonable attorneys fees and costs.

Count III – Conspiracy – Federal Claim

60. Plaintiff reincorporates paragraphs 1 through 46, inclusive, as paragraph 60 of Count III, as if fully set forth herein.

61. On May 18, 2006 defendants Reid, Drew, Young and Doherty were employed as Chicago police officers, all acting under color of law.

62. On May 18, 2006 it was agreed upon by defendants Reid, Drew, Young and Doherty to unlawfully seize plaintiff in violation of her Fourth and Fourteen Amendment rights as guaranteed under the United States Constitution.

63. The defendants knew that they did not have probable cause or even reasonable suspicion to believe that Fegan had committed any offense justifying her arrest. The defendants knew that Fegan was not guilty of the charges for which she was arrested.

64. Reid, Drew, Young and Doherty, in furtherance of their conspiracy, agreed, designed and planned to file false and fraudulent reports and/or statements designed to cover-up and protect themselves from liability for the illegal arrest and seizure, excessive force, and brutality upon plaintiff in violation of her Fourth and Fourteenth Amendment rights guaranteed under the United States Constitution. The aforesaid defendants agreed to support each other and substantiate their fabricated version of the events on May 18, 2006. The defendants agreed to falsely charge plaintiff with the felony offense of aggravated battery to a police officer along with other invented crimes.

65. Defendants placed handcuffs on Fegan pressing down on the handcuffs in order to make them tight as possible. As a result, the handcuffs were painful and caused pain and injury to Fegan's wrists. It was the common venture, design, plan and goal of the defendants to use excessive force against plaintiff in violation of her rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

66. During Fegan's unlawful arrest and seizure, the defendants agreed and planned to forcibly toss her into a Chicago Police Department squadrol without regard for her safety while handcuffed with her hands behind her back causing severe pain and injuries to her arm and wrist.

67. The conduct of Reid, Drew, Young and Doherty, as set forth above (i) constitutes an illegal conspiracy to intentionally violate Fegan's Fourth and Fourteenth Amendment rights guaranteed by the United States Constitution to be free from an illegal arrest, seizure and excessive force and (ii) was willful, wanton and committed with the specific intent to harm Fegan.

68. As a proximate cause of the actions of the defendants to deprive plaintiff of her Fourth and Fourteenth Amendment Constitutional rights, Fegan sustained severe physical and emotional injuries of a personal and pecuniary nature, including anxiety, distress, depression, flash backs, withdrawal, humiliation, embarrassment, monetary loss, pain, suffering and post traumatic disorder.

Wherefore, Jacqueline Fegan demands judgment against the defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages and costs.

### Count IV – False Arrest – State Law Claim

69. Plaintiff incorporates by reference paragraphs 1 through 46, inclusive, as paragraph 69 of Count IV, as if fully set forth herein.

70. At the time defendants placed Fegan under arrest and took her into custody, defendants knew that they did not have probable cause or even reasonable suspicion to believe that Fegan had committed an offense justifying her arrest. Defendants knew that plaintiff was not guilty of the charges for which she was arrested.

71. As a direct and proximate cause of defendants' false arrest, Fegan endured pain and suffering, mental anguish, severe emotional distress, humiliation and embarrassment.

72. At all relevant times, defendants' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, Jacqueline Fegan, demands judgment against defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages and costs.

### Count V – False Imprisonment – State Law Claim

73. Plaintiff incorporates by reference paragraphs 1 through 46, inclusive, as paragraph 73 of Count V, as if fully set forth herein.

74. Following her unlawful arrest by the defendants on May 18, 2006, Fegan was held in custody, without her consent, for a period of approximately four hours in the 18th District police headquarters.

75. As a direct and proximate result of defendants' false imprisonment of Fegan, Fegan endured pain and suffering, mental anguish, severe emotional distress, humiliation and embarrassment.

76. At all relevant times, defendants' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, Jacqueline Fegan, demands judgment against defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages and costs.

### Count VI – Battery – State Law Claim

77. Plaintiff incorporates by reference paragraphs 1 through 46, inclusive, as paragraph 77 of Count VI, as if fully set forth herein.

78. Without cause or provocation, defendants willfully committed violence upon Fegan causing injuries as described in paragraphs 53 through 56, inclusive, of Count II.

79. As a direct and proximate result of the battery committed by the defendants, Fegan has endured pain and suffering, mental anguish, severe emotional distress, humiliation, embarrassment and monetary loss.

80. At all relevant times, the actions of defendants were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

Wherefore, Jacqueline Fegan, demands judgment against defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages and costs.

### Count VII – Intentional Infliction of Emotional Distress – State Law Claim

81. Plaintiff incorporates by reference paragraphs 1 though 46, inclusive, as paragraph 81 of Count VII, as if fully set forth herein.

82. On or about May 18, 2006, the actions of the defendants Reid, Drew, Young and Doherty were intentional, calculated and intended to inflict severe emotional distress on Fegan

by terrifying her, placing her in fear for her life and by seeking to wrongfully charge her with crimes and to imprison her for many years in the penitentiary.

83. On May 18, 2006 the aforesaid defendants falsely arrested Fegan for crimes they knew she did not commit.

84. The defendants, with knowledge that it was untrue, invented charges of aggravated battery, battery, and resisting a peace officer against Fegan solely for the purpose of inflicting severe emotional injury on Fegan.

85. As a proximate result of the actions of the defendants Reid, Drew, Young and Doherty, Fegan sustained severe emotional injuries of a personal and pecuniary nature, including anxiety, distress, depression, flash backs, withdrawal, humiliation, embarrassment, monetary loss, pain, suffering and post traumatic disorder.

Wherefore, Jacqueline Fegan demands judgment against the defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages and costs.

### Count VIII – Civil Conspiracy – State Law Claim

86. Plaintiff reincorporates paragraphs 1 through 46, inclusive, as paragraph 86 of Count VIII, as if fully set forth herein.

87. On May 18, 2006 it was agreed upon by Reid, Drew, Young and Doherty to falsely arrest and charge plaintiff, use excessive force, falsely imprison, brutalize and intentionally inflict emotional distress upon plaintiff.

88. Reid, Drew, Young and Doherty in furtherance of their conspiracy agreed to file false and fraudulent reports and/or statements designed to cover-up and protect themselves from liability for false arrest, excessive force, brutality and intentionally inflicting emotional distress

upon plaintiff. The aforesaid defendants agreed to support each other and substantiate their fabricated version of the events on May 18, 2006. The defendants agreed to falsely charge plaintiff with the felony offense of aggravated battery to a police officer and other crimes punishable by incarceration.

89. The conduct of Reid, Drew, Young and Doherty, as set forth above (i) constitutes an illegal conspiracy to intentionally violate Fegan's right to be free from an illegal arrest, battery and intentional infliction of emotional distress, and (ii) was willful, wanton and committed with the specific intent to harm Fegan.

90. As a proximate cause of the actions of the defendants and each of them, Fegan sustained severe emotional injuries of a personal and pecuniary nature, including anxiety, distress, depression, flash backs, withdrawal, humiliation, embarrassment, monetary loss, pain, suffering and post traumatic disorder.

Wherefore, Jacqueline Fegan demands judgment against the defendants Robert Reid, Michael Drew, James Young and Denis Doherty, and each of them, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages and costs.

### Count IX– 745 ILCS 10/9-102 – State Law Claim

91. Plaintiff reincorporates paragraphs 1 through 90, inclusive, as paragraph 91 of Count IX, as if fully set forth herein.

92. At all relevant times hereto there exists a certain Illinois statute, to wit, 745 ILCS 10/9-102, which states in pertinent part:

> A local entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

93. The defendant City of Chicago, by virtue of the aforesaid statute, is required by Illinois law to pay any judgment entered against defendants Reid, Drew, Young and Doherty.

Wherefore, Jacqueline Fegan, demands judgment against the defendant, City of Chicago, in an amount in excess of One Million Dollars ($1,000,000.00), plus punitive damages, reasonable attorneys fees and costs.

### Rule 38 Jury Demand

Pursuant to Rule 38 the plaintiff demands trial by jury for all claims triable by jury.

December 1, 2006                                        Jacqueline Fegan, plaintiff

                                                        By: _____
                                                        One of her attorneys


Craig D. Tobin
Tomas Petkus
Frank A. Marino
Tobin Petkus & Muñoz, LLC
Attorneys for Plaintiffs
Three First National Plaza, #1950
Chicago, IL 60602-4298
Office (312) 641-1321
Facsimile (312) 641-5220
Email  ctobin@barristers.com
       tomaspetkus@barristers.com
       fmarino@barristers.com

\\Ma01\Data - Client\Tobin, Craig\Fegan, Jackie\Pleadings\complaint, original.doc

# NOTICE OF CLAIM FOR PERSONAL INJURIES
(Law of 1945 and All Amendments Thereto)

Please note: Title 2, Chapter 2-12, Section 2-12-060 of the
Chicago Municipal Code requires that all claims are typed.

Date: July 25, 2006

To: The Corporation Counsel and The City Clerk

of the City of Chicago, a Municipal Corporation with offices in the City Hall, City of Chicago, County of Cook, State of Illinois.

Each of you are Hereby Notified that the following CLAIMANT, Jacqueline Fegan Will bring a civil action against the City of Chicago, for Damages in account of injuries suffered by the above claimant.

Each of you are further notified that this notice is given in accordance with the Illinois Stature. In Compliance thereof, this notice is being filled with each of you in your office, together with the following Statement of Information:

**1. Name of the person to whom the cause of action has accrued:** Jacqueline Fegan

**2. Name of the injured person:** Jacqueline Fegan

**3. Address of the injured person:** 520 W. 42nd Street, Chicago, Illinois, 60609

**4. Date accident occurred:** May 18, 2006

**5. Police report number:** HM 358436

**6. Location or place where the accident occurred:** At or near 700 North Michigan Avenue

Chicago, Illinois

**7. The general nature of the accident:** violation of civil rights, false arrest, battery, assault, unlawful restraint, kidnapping, intentional infliction of emotional distress

**8. Name and address of attending physician:** Dr. Mark Stefaniuk, (E.R.), Mercy Hospital and Medical Center, 2525 S. Michigan, Chicago, IL; Dr. Jayant Sheth, MercyWorks, 2600 S.Michigan, Chicago, IL 60616; Dr. Damon Arnold, MercyWorks, 2600 S. Michigan, Chicago, IL 60616; Dr. William Heller, 2850 S. Wabash, Suite 100, Chicago, IL; Dr. Katie Minogue, Mercy Hospital, 2525 S. Michigan, Chicago, IL; Dr. Charles Lawler, 3700 S. Wallace, Chicago, IL



PLAINTIFF'S EXHIBIT A

| | |
|---|---|
| 9. Name and address of Hospital where injured party was attended: | Mercy Hospital and Medical Center |
| | 2525 South Michigan Avenue |
| | Chicago, Illinois 60616-2477 |
| 10. Nature of injuries: | Bruised and sprained wrist, bruised elbow, emotional distress and |
| | Post traumatic stress disorder |

BY: _____

**ATTORNEY/ OR SAID CLAIMANT**

City of Chicago, a Municipal Corporation          City of Chicago, a Municipal Corporation

_____          _____
**Corporation Counsel**                              **City Clerk**

RECEIVED
CITY CLERKS OFFICE
2006 JUL 25 PM 1:21