TP:kr 4/4/2008 3:48:17 AM

In the United States District Court
Northern District of Illinois, Eastern Division

| | |
|---|---|
| Jacqueline Fegan, | |
| Plaintiff, | |
| v. | No.: 06 C 6767 |
| Robert Reid #17285, James Young #8883, Michael Drew #13167, Denis Doherty #8222, and the City of Chicago, a municipal Corporation and body politic, | Judge Lefkow |
| Defendants. | |

Motion to Reconsider the Production of Defendant Reid's C.R's
Based on Reid's Subsequent Deposition Testimony

Plaintiff states as follows:

1. This action is for violation of the plaintiff's civil rights by defendants who arrested her for 'jaywalking.' Fegan, a supervisor of City of Chicago traffic aides, was taken into custody after she advised defendant Reid that she could not non-suit a parking ticket issued by a traffic aide to Reid's personal vehicle. Reid brutalized Fegan in the course of the arrest by using unnecessary force, handcuffing plaintiff, wrenching her arms and throwing her into a squadrol. Fegan was severely and permanently injured.

2. The plaintiff brought a motion to compel the production of all of the individual defendants' C.R.'s – complaints of misconduct lodged by the general public. The city had only produced C.R.'s for five years and the plaintiff sought the production of all C.R.'s.

3. After argument, the court denied the plaintiff's motion. The C.R.'s that were produced for Reid did not suggest the existence of older potential 404 (b) evidence at or up to the beginning of the five year time interval that the city arbitrarily selected as the cut off date for the

1

C.R.'s it did produce.  The plaintiff believed that the C.R.'s before the five year interval may contain relevant information.  As it turns out, the plaintiff may have been right after all.

4. Defendant Reid testified at his deposition on February 21, 2008 that he himself had perhaps ninety or more C.R.'s in his career.  His transcript was received a couple of weeks ago.  Because of the protective orders in this and an earlier discovery case preventing the dissemination of the evidence of Reid's C.R.'s, the plaintiff has not filed Reid's transcript with this motion.

5. Reid revealed that he had been suspended from work for unnecessary force, abuse of office, unlawful arrest and numerous other incidents of brutality and violations of citizens' civil rights nine or ten times.  Early on in the deposition, Reid testified that he had only made some 600 or 700 arrests in twenty-six years.  This suggests that one out every seven or eight arrests Reid was involved with led to complaints of brutality, unlawful arrest, etc.

6. Reid stated that all of the Office of Professional Standards C.R.'s filed against him, except a dozen or so, involved charges stemming from his arrests.

7. Reid admitted that he had received a thirty day suspension for arresting a parking lot attendant in an incident involving his personal vehicle while he was at Navy Pier, eerily the same root cause leading to the arrest of Ms. Fegan.  This incident appears to have occurred right before the five year window used by the city in disclosing C.R.'s.

8. Reid has a long history – right up to the five year limit the city selected for the C.R.'s that were produced - of abusing citizens, unlawful arrest, brutality, excessive force and similar misconduct, resulting in at least 90 C.R.'s.  This was by his own best estimate.

9. The plaintiff asked the city to produce the C.R.'s after Reid's deposition in an effort to avoid the need to file this motion but on March 20, 2008, the city refused to do so, citing this court's earlier decision.

10. The plaintiff asks this court to reconsider its earlier ruling on the C.R.'s and order the city to produce Reid's C.R.'s so that the plaintiff may see what potential 404(b) evidence there may be that could be admissible at trial. On the basis that Reid had an extensive C.R. history – including an incident involving his personal vehicle that led to a thirty day suspension that occurred perhaps shortly before the five year reporting period employed in this case – the court could and would have ruled differently on the plaintiff's motion.

11. There is no way to know if Reid's C.R. history is admissible or probative absent its production and examination. Prior misconduct has been allowed to show lack of mistake, intent, design and host of other reasons. See e.g., *Young v. Rabideau*, 821 F. 2d 373 (7th Cir. 1986) and Federal Rules of Evidence 404(b).

12. Had the plaintiff known the specifics of Reid's history of almost one dozen suspensions from the police force for civil rights violations and other violations involving excessive force, unlawful arrest and civil rights violations in connection with his arrests before his deposition, she would have brought them to the attention of the court at the time the motion was first heard.

13. Reid was unable to testify as to very many specifics of these cases and events, claiming to have only a partially intact memory of many of the incidents. There is no way to determine the potential admissibility of these incidents without the court ordering the city to turn over the C.R.'s since Reid himself was unable to supply sufficient details to determine their potential relevance for use at trial.

14. Ordering turn over will not way impede or delay the case unduly.

Wherefore, the plaintiff prays that the court reconsider its earlier decision denying plaintiff access to Reid's earlier C.R.'s and order Reid and the City of Chicago to amend their

3

interrogatory answers to fully disclose Reid's C.R.'s, to produce them for inspection and copying and for such other and further relief as the court determines is warranted.

Friday, April 04, 2008                                          Jacqueline Fegan, plaintiff

                                                    By:  s/ Tomas Petkus_____
                                                          One of her attorneys

## Certificate of Service

I hereby certify that on Friday, April 04, 2008 I served the foregoing by using the court's CM/ECF system which will send notification of such filing to the counsel of record.

                                                      s/Tomas Petkus_____
                                                        Tomas Petkus

Craig D. Tobin
Tomas Petkus
Karl H. Schook
Tobin Petkus & Muñoz, L.L.C.
Attorneys for Plaintiffs
Three First National Plaza, #1950
Chicago, IL 60602-4298
Office (312) 641-1321
Facsimile (312) 641-5220
Email   ctobin@barristers.com
        tomaspetkus@barristers.com
        khschook@barristers.com

\\Ma01\data - client\Tobin, Craig\Fegan v. City\Motions\motion, crs.doc