# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6767 | **DATE** | 2/13/2009 |
| **CASE TITLE** | Fegan vs. Reid | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel compliance with the 1-29-2009 Order [105] is granted. Defendants' counsel are directed to obtain from the Rule 35 examining physician a good faith assessment of the tests he realistically expects to use with plaintiff in light of the plaintiff's claimed mental disability and the time available for the examination. Plaintiff may have her counsel or her testifying opinion witness observe the examination so long as no one other than the examiner and plaintiff are present in the examination room or visible or audible to them. If such observation cannot be provided at the examining physician's office, then plaintiff must pay for any additional expense entailed in finding a suitable site for the examination. Because this case presents a situation in which counsel and the parties have demonstrated lack of mutual trust, video- or audio-tape recording of the examination is ordered for the protection of all concerned. Plaintiff's counsel may not disclose to plaintiff any information concerning the protocol of the examination, other than that it will be observed and recorded. (Reasons are set out below).

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

Competing valid interests are at stake during a Rule 35 examination. On the one hand, a Rule 35 psychological exam requires a party to submit to an intrusive, sensitive inquiry into the party's mental health, an inherently private matter, by a psychologist or psychiatrist hired by an adversary. *See Langfeldt-Haaland* v. *Saupe Enterprises, Inc*. 768 P.2d 1144, 1146 (Alaska 1989) ("The Rule 35 examination is part of the litigation process, often a critical part. Parties are, in general, entitled to the protection and advice of counsel when they enter the litigation arena."). On the other hand, the opposing party is entitled to conduct an examination that is reliable and consistent with professional standards. *See Hertenstein* v. *Kimberly Home Health Care, Inc*. 189 F.R.D. 620, 624 (D. Kan. 1999) ("Because the mental examination provides one of the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a defendant to have a plaintiff examined by defendant's expert, some preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted, provided that it is not an improper examination.").

The determination of the appropriate circumstances is within the court's discretion. In this case, the court finds observation by counsel or plaintiff's expert witness an appropriate condition of the examination. A Rule 35 examination cannot be expected to be as bias free as a confidential examination by a treating professional. The court is not persuaded that mere observation of a forensic psychological examination from another room by plaintiff's counsel or expert would measurably increase that effect. This is particularly true where facilities are available to permit observation without the presence of the observer in the examining room. Because currently available technology permits invisible audio and videotaping, an audio or video recording is not likely to inject additional bias into the exam, even though the plaintiff knows it is there. To the extent there is any effect, the circumstances of the examination may be made known to the jury.