TP:khs 02/25/2009 13:17:28 061717

In the United States District Court
Northern District of Illinois, Eastern Division

Jacqueline Fegan,

           Plaintiff,

            v.                             No.:  06 CV 6767

Robert Reid #17285, *et. al,*                Judge Lefkow

           Defendants.

## Plaintiff's Opposition to the Defendants'[1] Latest Motion to 'Reconsider'

Plaintiff Jackie Fegan states as follows:

## Introduction

Defendants' motion is the eighth the individual defendants will have presented since January of 2008 seeking discovery deadline extensions.  On June 3, 2008 the court set an expert schedule.  The individual defendants have sought to put that schedule off repeatedly.  This is the fifth motion they have made since September of 2008 seeking an extension to expert discovery.  The motion is the third they have filed to reconsider rulings just since January – last month!

On January 5th the court granted the individual defendants a final extension. The court extended defendants' deadline to the end of January. Despite the finality, the defendants moved for another extension on the eve of the deadline the court said was final.

---

[1]   The instant motion is brought by all defendants.  The City of Chicago, however, never moved previously to extend or modify expert deadlines and is still subject to the initial order that required them to disclose their experts by September of 2008.  The City has not participated in any of the motions and efforts to delay with deadline extensions, pressed by the individual defendants.

On January 29, 2009 the court reluctantly granted the defendants a last extension to February 27, 2009. The court admonished the individual defendants that experts' reports had to be completed and disclosed by February 27th. The court warned the individual defendants not to come back seeking another extension. Ms Sullivan assured the court: "We won't, judge." (Transcript of 1-29-2009, Ex. 1, P. 19). Instead, another motion by defendants for an extension is before the court. Once again the defendants have the audacity to claim that the plaintiffs have created the controversy and the delay.

<u>Argument</u>

1. This motion is the same motion to reconsider the ruling of January 29th that the individual defendants presented on February 10th and which was denied in a written ruling on February 13th.

A. On 1-29-09 the court imposed conditions and limitations on Hartman's exam

On January 29, 2009 the court imposed very specific conditions and limitations on the Fed. R. Civ. P. 35 exam (see Ex. 1): 1) Hartman had to provide plaintiff's lawyers with a protocol showing the specific tests he would administer, 2) the examination would be observed and videotaped and 3) the examination would take place February 10, 2009. Hartman and the defendants refused to comply.

B. Plaintiff attempts to facilitate the scheduled February 10th exam to avoid delay

Plaintiff drafted and submitted a proposed order, in keeping with the court's ruling of January 29th. Plaintiff's counsel asked the defendants for the protocol and the place of the examination, as the court had ordered. Plaintiff tried repeatedly to keep the exam on track. Frustrated by the lack of cooperation, plaintiff filed a motion on February 4, 2009 seeking to compel compliance with the January 29, 2009 ruling. The motion was scheduled to be presented on February 10, 2009.

C. At 8:30 a.m. on the date the Plaintiff's motion to compel the exam was to be presented, defendants filed a motion to reconsider the January 29, 2009 ruling.

Instead of acting with any urgency, defendants waited until the morning of February 10, 2009 to move for reconsideration. The case was now two weeks closer to trial. They attacked the plaintiff, claiming that she was obstructing the exam. They claimed that Hartman would not be able to give a protocol and instead listed dozens and dozens of tests that he might administer. They claimed there could be no observation or taping – that whoever accompanied the plaintiff could sit in the adjoining waiting room. The court took the plaintiff's motion and the defendants' motion to reconsider (styled as a response to plaintiff's motion) under advisement. On February 13, 2009 the court granted the plaintiff's motion to compel and denied the defendants' motion to reconsider the conditions on Hartman's exam.

D. The order of February 13, 2009 granting plaintiff's motion to compel re-imposed the same limitations as had already been set on January 29, 2009.

Once again the plaintiff tried to be proactive. Plaintiff's counsel started calling defendants' lawyers on Monday, February 16, 2009, initially looking for Hartman's protocol. Follow up calls were made when nothing was received. Emails were also sent. The plaintiff made arrangements for Hartman to use the facilities of Cavanaugh and Assoc. which are equipped and set up to observe and tape mental health examinations.

Later in the week email responses promised information was imminent – always the next day. Ms Sullivan emailed Wednesday afternoon promising a response by Thursday the 19th. She suggested that Hartman's exam may not even proceed. On Friday, February 20, 2009 Mr. Leinenweber said the observer would not be allowed to take notes.

No substantive response was received until the middle of the night Monday, February 23rd. On the morning of Tuesday, February 24th, plaintiff's counsel learned that defendants' motion had been filed just before midnight the evening before.

Apparently Dr. Hartman just will not listen. After he was ordered for a second time to supply a protocol, to allow videotaping and the other conditions imposed by the court (2-13-09 Order, Ex. 2), he decided that he would not. The defendants, willing to use Hartman's refusal as leverage, filed the instant motion seeking to delay the case. This motion, like all of the ones that have preceded it, is brought on the eve of the deadline for disclosure. The final pre-trial order is due in three weeks.

2. The defendants' motion to reconsider ignores this court's admonition on its website to comply with *Whitten v. ARS National Services, Inc.*

The new motion is not in keeping with the standards this court requires parties to meet for motions to reconsider, as reasoned in *Whitten v. ARS National Services, Inc.*, 2002 U.S. Dist. Lexis 10828. There are no new facts or law for the court to look at. The defendants do not indicate there was a misapprehension or a manifest error of fact or law by the court. In fact, the same arguments were already made in the earlier motion to reconsider that was denied on February 13, 2009. The court imposed the same conditions of a protocol, observation and taping in two separate rulings. There was no good faith basis to file this motion. The plaintiffs should not even need to be responding to it.

3. Hartman's letters and affidavit are incredible and claim conditions that are contrary to the practice and procedure followed by Cavanaugh and Associates – his employer

Hartman claims that what the court ordered him to do is 'illegal.' Hartman clearly believes he is many things but he is not a lawyer. His affidavit is incompetent.

His claims cannot be reconciled with a protocol from another case that has been disclosed by plaintiff as exemplar in this case.

Hartman is an associate of Cavanaugh and Associates, a noted firm of forensic psychiatrists and psychologists here in Chicago. The specific exemplar testing protocol fronted by plaintiff in this case was authored by Dr. Orest Wasyliw, Ph.D., a noted expert on forensic psychological testing and a Cavanaugh and Assoc. psychologist.

Dr. Wasyliw's protocol and that of Dr. James Cavanaugh, M.D. a psychiatrist, are from the case of *Lujano v. Town of Cicero, et al.*, which is currently pending before Judge Bucklo. The examination of the plaintiff in that case is going to be taped. Dr. Wasyliw will be administering forensic psychological tests and he will be recorded while doing it. It is beyond belief that Hartman, associated with Cavanaugh, would claim that revealing testing protocols or taping an examination is in anyway inappropriate. Cavanaugh and Assoc. tapes examinations (audio and video) all the time. This is routine and common in forensic mental examinations.

Hartman also suggests that despite Illinois law, under which he works and has worked in capital cases, for example, it is illegal to tape forensic testing. This is preposterous. Illinois law requires the taping of examinations of the examined person when requested.

<u>4.  The defendants continue to blame the plaintiff to obtain relief</u>

The defendants have the audacity to persist in their attacks upon the plaintiff, claiming she is creating controversy, blocking expert discovery or an examination. This is a sanctionable claim. It should be sanctioned because it is false and it is untrue. The defendants make the allegation knowing it is false and untrue. It is sanctionable because

the court unmasked the lack of a good faith basis for the defendants' accusation in open court on 2-13-2009.  The court observed that it was the defendants who were being dilatory.   The defendants persist in making the charge about plaintiff without any factual basis in an effort to get relief that they are not entitled to.

The plaintiff has gone out of her way to try and facilitate and accommodate expert discovery.  Plaintiff's effort to be proactive began when she disclosed her experts' specialties in open court on June 3, 2008 and their identities on June 12, 2008, more than a month before the deadline to do so.  She has gone out of her way to facilitate expert deposition scheduling, the examination and to avoid having to do discovery on the eve of trial.  The defendants are seeking to postpone the trial through these invented delays.

5.  At this juncture the plaintiff should not be dealing with these issues.

What is the solution here, an evidentiary hearing?  Is the plaintiff to get a counter affidavit from Dr. Wasyliw – Hartman's colleague at Cavanaugh and Assoc. indicating protocols and taping are common?

Hartman is a moving target.  Every time he is challenged, he comes up with a new story and different reason why he will not obey the court.  The court has been generous and has granted numerous extensions excusing defendants' own delays. This has to stop. The motion should be denied.

## Conclusion

Wherefore, the plaintiff prays that the court deny the defendants' motion to extend the time for expert disclosure and for such other and further relief as the court determines is warranted.

6

Wednesday, February 25, 2009                    Jacqueline Fegan, plaintiff


                                        By:  s/ Craig D. Tobin                  
                                              One of her attorneys


                              Certificate of Service

        I hereby certify that on Wednesday, February 25, 2009 I served the foregoing by

using the court's CM/ECF system which will send notification of such filing to the

counsel of record.

                                              s/Craig D. Tobin                   
                                                Craig D. Tobin

Craig D. Tobin
Tomas Petkus
Karl H. Schook
Tobin Petkus & Muñoz, L.L.C.
Attorneys for Plaintiffs
Three First National Plaza, #1950
Chicago, IL 60602-4298
Office (312) 641-1321
Facsimile (312) 641-5220
Email  ctobin@barristers.com
          tomaspetkus@barristers.com
          khschook@barristers.com


\\Ma01\data - client\Tobin, Craig\Fegan v. City\Motions\response, motion to reconsider.doc