**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACQUELINE FEGAN,                     )<br>             Plaintiff          )<br>                                                          )<br>   v.                                                )<br>                                                          )<br>ROBERT REID #17285, JAMES YOUNG #8883, )<br>MICHAEL DREW #13167, and           )<br>DENIS DOHERTY #8222, and the CITY OF )<br>CHICAGO, a Municipal Corporation    )<br>                                                          )<br>             Defendants      ) | Case No. 06 C 6767<br><br>JUDGE LEFKOW |

**DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

Defendants, City of Chicago ("City") and Officers Robert Reid, James Young, Michael Drew, and Denis Doherty (collectively "Officers") jointly move for leave to file their Motion for Partial Summary Judgment and for ruling on same prior to trial and state:

**A.     Basis for Summary Judgment**

1.     The 9 counts of the complaint are rooted in two distinct core actions: unlawful arrest and use of excessive force. After affording plaintiff the greatest possible consideration of the facts in a light most favorable her and resolving all inferences in her favor, it is abundantly clear that unlawful arrest claims should be dismissed as a matter of law. This conclusion is first borne out be the following bare facts, to which there is no dispute whatsoever:

>  Fegan was speaking with Officer Reid on the sidewalk. During the discussion Fegan wanted to go into the street from a non-crosswalk location;

>  Officer Reid directed Fegan to not cross the street from the curb in the middle of the block or she would be arrested for jaywalking; and

>  After which Fegan attempted to enter the street from the curb and was arrested.

1

The above facts Fegan's are from Fegan's own testimony and consistent with the accounts of all witnesses to the incident. There is no dispute on these facts.

2. Given the foregoing facts, it is clear as a matter of law that Officer Reid had probable cause to arrest Fegan, regardless of whether she was charged for jaywalking or reckless conduct, as was the case. Plain and simple is the law, if a police officer has probable cause to make an arrest existed, then the arrest is lawful. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). This is so even if involves a very minor offense and where the offender poses no threat to safety or the administration of justice. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). To be sure, the Chicago Municipal Code makes it an offence for a pedestrian to cross a roadway other than in a crosswalk and to disobey the directive of a police officer. *Chicago Municipal Code §§ 9-60-20 and 9-40-030(a)*. Moreover the Code authorizes police officers to arrest a pedestrian for such violations *§2-84-230*. Likewise, Illinois law grants police officers authority to arrest individuals for acting recklessly. *720 ILCS 5/12-5(a)*. Thus, given the foregoing brief, but accurate, set of facts and law, consideration of Defendants motion for summary judgment is warranted.

3. Using the same set of facts as above, summary judgment can also be entered on Fegan's false arrest related counts because the Officers have immunity from liability under established case law and the Illinois Tort Immunity Act.

4. Finally, as a matter of law, Fegan's action against the City for indemnification is preempted by the Illinois Workers Compensation Act ("IWCA") *820 ILCS 305/1 et seq.* On this score, it is undisputed that at the time the incidents took place which gave rise to Fegan's alleged injuries, she and the Officers were in the course of their employment as employees of the City of Chicago. Here the law is also clear; the IWCA provides the exclusive remedy for accidental or

unforeseen injuries occurring in the workplace. *Meerbrey v. Marshall Field and Co.*, 139 Ill. 2d 455, 463-64, 564 N.E.2d 1222, 1226, (1990).Significantly, the Illinois Supreme Court holds that an injury intentionally inflicted upon an employee by another employee is considered "accidental" for purposes of the IWCA unless the plaintiff can show the employer itself has committed, commanded, or expressly authorized the torts causing the claimed injury. *Meerbrey*, 139 Ill. 2d at 465, 564 N.E.2d at 1227. As the record shows, Fegan holds no set of facts that will avoid preemption of her claims.

**B.     Reasons to Rule on Summary Judgment before Trial**

5.     To address this Court's published procedures and direction to give consideration to Judge Shadur's opinion in *George* v. *Am. Airlines, Inc.*, 378 F. Supp. 2d 870 ("where summary disposition appears unlikely, counsel will be asked what advantage is gained by proceeding under Rule 56 as opposed to Rule 50(a)), Defendants offer the following reasons for consideration before trial of a their motion for summary judgment:

**Success is Likely**. Based on the above summary of the substantive facts and law, a summary disposition appears likely if the Court gives consideration to Defendants' motion before trial.

**Trial Goes from 3 Weeks to 3 Days**. The economics favor a disposition on summary judgment. The proposed motion is not factually or legally complex, has narrow issues of fact which are not in dispute, and will not require significant time and expense to address. To the contrary, a trial on all counts will consume about 3 weeks of time, involve a number of expensive and time consuming experts and witnesses and over a thousand pages in documents. If however the Court finds summary judgment on the false arrest claims, the reasonable outcome is that trial time goes from about 3 weeks to 3 days. Moreover, a significant economic advantage

exists to the City and the other parties as summary judgment in favor of the City will render it fully dismissed from the case and hence avoid an appearance at trial.

**Economics Favor Summary Disposition**. If Defendants' are required to bring, and are successful, in a motion under Rule 50(a), by that point the jury will do doubt have been poisoned by multiple days of testimony over Plaintiff's alleged suffering and injuries sustained by what will have been characterized as being the result of an unlawful arrest. At this juncture, the jury will be required to set aside all such evidence to the extent it relates to the false arrest actions, and then attempt to parcel it out on considering the excessive force case. By any stretch, this is not realistic or fair to Defendants. Indeed, from a proof perspective, Fegan's false arrest claims are mutually exclusive of her excessive force claim; however if the jury is exposed to hours and hours of evidence of the two actions, the evidence will merge and be blurred in the minds of the jury regardless of the courts instruction to the contrary.

**C.  Conclusion**.

6. Fegan will no doubt aggressively advance arguments against the Court giving consideration of Defendants Motion for Summary Judgment. That said, no matter the argument advanced, the threshold question here boils down to whether Fegan can show an genuine dispute of the simple facts set forth in paragraph 1, above. Defendants submit that she cannot do so and thus fatal to her false arrest claims.

7. For the above reasons, Defendants implore the Court to accept and address their motion for summary judgment before trial, or alternatively, continue the trial to a date following its consideration and ruling on the Motion.

5

**WHERERORE**, for the foregoing reasons, Defendants request this Court accept their motion for summary judgment instanter, and attached hereto, and for ruling on same prior to trial.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| LEINENWEBER BARONI & DAFFADA | SWANSON, MARTIN & BELL, LLP |
| By: s/ Thomas More Leinenweber _____ <br> *Attorney for Defendant City of Chicago* | By: s/ Susan E. Sullivan_____ <br> *Attorney for Defendant Officers* |
| Thomas More Leinenweber <br> James V. Daffada <br> Leinenweber Baroni & Daffada LLC <br> 321 South Plymouth Court Suite 1515 <br> Chicago, Illinois 60604 <br> (312) 663-3003 <br> (312) 663-3088 (fax) | Susan Sullivan <br> Swanson, Martin & Bell, LLP <br> 330 North Wabash Ave. Suite 3300 <br> Chicago, Illinois 60611 <br> Office: (312) 321-9100 <br> Fax:    (312) 321-0990 <br> Atty. No. 06238201 <br> Email:  ssullivan@smbtrials.com |