Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6767 | **DATE** | 9/21/2009 |
| **CASE TITLE** | Jacqueline Fegan vs. Robert Reid, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for summary judgment on counts I, IV and V of the complaint [#121] is denied. The defendant officers' motion for judgment as a matter of law that they are immune from liability under federal law and the Illinois Tort Immunity Act is also denied.  The remaining arguments in the motion for summary judgment are taken with the trial.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Jacqueline Fegan, plaintiff, has brought an eight-count complaint against four officers of the Chicago Police Department and a claim against the City of Chicago for indemnification of the officers for damages resulting from their conduct.  She alleges several claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and several under the Illinois common law.  The court's jurisdiction rests on 42 U.S.C. § 1343 and 28 U.S.C. §§ 1331 and 1367.

     The officers have moved for summary judgment on the federal civil rights claims of arrest and detention without probable cause (count I) and conspiracy to violate plaintiff's constitutional rights (count III), and on her Illinois common law claims of false arrest (count IV), false imprisonment (count V), and civil conspiracy (count VII).  They further contend that even if they violated plaintiff's constitutional rights, they are immune from liability for damages under the doctrine of qualified immunity.  The City also seeks dismissal of plaintiff's claim that it is obligated to indemnify the officers (count IX).  The court directed plaintiff to respond to the motion regarding the claims of arrest and detention without probable cause (counts I, IV and V) and the officers' qualified immunity defense.  The remaining portions of the motion will be taken with the trial.

     The court applies the customary rules applicable to summary judgment in ruling on this motion.  Fed. R. Civ. P. 56(c); *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

A.    Arrest and Detention without Probable Cause (counts I, IV and V).

     Defendants contend that the facts establishing probable cause for the defendant officers to arrest and detain plaintiff are uncontested and therefore they are entitled to judgment as a matter of law.  They proffer that the officers and plaintiff were engaged in discussion while standing on a sidewalk, that plaintiff expressed an intention to go into the street, that they warned plaintiff that she should not step from the curb into the street and

## STATEMENT

that if she did so she would be arrested for jaywalking, that plaintiff thereupon "attempted to" step into the street, whereupon the officers arrested her.  Plaintiff disputes each of these facts other than that the parties were standing on the sidewalk engaged in a discussion.  Plaintiff proffers that no officer warned her against stepping into the street, that she did not step into the street before being arrested, and even if she stepped into the street, as a traffic management officer on duty, she had authority to step into the street.  Furthermore, plaintiff denies that "jaywalking" is an offense under the Chicago Municipal Code.[1]  If plaintiff's version of the facts is accepted, the officers had no probable cause to arrest her.

Defendants also contend that they are entitled to summary judgment because plaintiff indisputably failed to obey a lawful order or direction of a police officer.  Plaintiff denies that she disobeyed an order of a police officer and contends that a patrol officer's order to a Traffic Management Authority ("TMA") supervisor such as she, even if given, was not a lawful order.  Even if it is assumed that a defendant's direction to a TMA supervisor was a lawful order, the facts of whether plaintiff was ordered not to enter the street and whether she thereafter entered the street are in dispute.

B.    Qualified Immunity.

Defendants further contend that they are entitled to qualified immunity even if they wrongfully arrested plaintiff because they were performing a discretionary function and a reasonable officer in their position would have believed that the actions were within the bounds of the law.  If plaintiff's view of the facts is accepted as true, the officers are not immune from liability because an objectively reasonable officer would know that to arrest the plaintiff for "jaywalking" when she did not step off the sidewalk into the street was an arrest without probable cause.  Likewise, the facts according to the plaintiff do not demonstrate that plaintiff disobeyed a lawful order of a police officer.

Defendants also claim immunity from liability under the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. 10/2-202, which shields them from liability for their acts or omissions in the course of their execution of law enforcement unless their conduct is willful and wanton.  Plaintiff proffers that the defendant officers arrested, detained and proceeded to charge her with criminal conduct because she refused to violate her official duty by cancelling a lawful ticket a subordinate TMA official lawfully placed on defendant Reid's private vehicle while he was illegally parked in the street.  If the plaintiff's version of the facts is accepted as true, a reasonable jury could find the defendants' conduct willful and wanton.

For all of these reasons, the motion for summary judgment on counts I, IV and V and on the defense of qualified immunity must be denied.

---

1.  Defendants rely on a municipal code provision (§ 9-60-20) that makes it an offense for a pedestrian to cross a roadway other than in a crosswalk on any through street.  Whether stepping off the curb, as opposed to crossing a street, violates this provision is a question not presented in the motion papers.