0TP:khs 5/3/2010 12:13:23 PM 061717

In the United States District Court
Northern District of Illinois, Eastern Division

Jacqueline Fegan,

Plaintiff,

v.

Robert Reid #17285, *et. al,*

Defendants.

No.: 06 cv 6767

Judge Lefkow

Joint Statement on Motion for Attorney's Fees and Non-Taxable Costs

The parties state as follows:

1. On October 23, 2009 a jury entered judgment in favor of plaintiff and against defendants on federal and state causes of action. Plaintiff's fee petition is due on or before May 3, 2010.

2. Pursuant to Local Rule 54.3(d) they state:

(1) Total Fees + Non-taxable Expenses Sought by Plaintiff (Local Rule 54.3(d)(e)(1)):

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Craig D. Tobin | 670.32 | $ 450.00 | $ 301,644.00 |
| Tomas Petkus | 671.28 | $ 345.00 | $ 231,591.60 |
| Frank A. Marino | 41.5 | $ 245.00 | $ 10,167.50 |
| Paula F. Tobin | 17 | $ 245.00 | $ 4,165.00 |
| Karl H. Schook (eff. 11-1-2007) | 537.32 | $ 195.00 | $ 104,777.40 |
| Paralegal | Hours | Rate | Total |
| Karl H. Schook | 25.80 | $ 95.00 | $ 2,451.00 |
| | | | |
| Non-Taxable Costs | | | $ 61,176.45 |
| | | | |
| Total Fees + Costs | | | $ 697,140.99 |

Defendants' submission pursuant to L.R. 54.3(d)(e)(2) and (3) begins on the next page.

PROPOSED JOINT STATEMENT

The position of Defendants City of Chicago and the Individual Defendant Officers is that fees should be awarded on the following basis:

| Lawyer | Hours | Rate | Totals |
|---|---|---|---|
| Craig Tobin | 655.82 | $250 | 163,955.00 |
| Tomas Petkus | 569.38 | $250 | 142,345.00 |
| Karl Schook (after licensed to practice law) | 422.92 | $150 | 63,438.00 |
| Karl Schook (before licensed to practice law) | 25.80 | $75 | 1.935.00 |
| Frank Marino | 41.50 | $245 | 10,167.50 |
| Paula Tobin | 17.00 | $245 | 4,165.00 |

Total: $386,005.50

Respondent's position is that Plaintiff's request in their previously filed bill of costs for related nontaxable expenses of $18,831.96, should be reduced for any transcript for which they seek more than $3.65 per page pursuant to Local Rule 54.1(b) which provides that the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States, in this jurisdiction, $3.65 per page, as well as reduced for the costs for delivery of transcripts as well as ASC disks and files which are not recoverable pursuant to 28 U.S.C. §1920. Plaintiff cost for a video deposition, and editing of the video deposition of witness Lydia Tadele should also be omitted as they are not recoverable pursuant to 28 U.S.C. §1920. Plaintiff's expenses should also be reduced for costs for subpoenas for attempted service for witnesses Dionne Farmer, Charles Lee, and Kirk Etapa, who were not served and not called to testify at trial by Plaintiff. Finally, Plaintiff's request for compensation of additional expenses of $42,344.49, not requested in Plaintiff's previously filed bill of costs, and not sought within 30 days of the verdict, which are for expenses not compensable pursuant to 28 U.S.C. §1920 and Local Rule 54.1 should be denied.

The specific disputes remaining between the parties are the following:

(a) The appropriate hourly rates for Mr. Tobin, Mr. Petkus, and Mr. Schook;

(b) Whether 12 hours spent by Mr. Tobin, 89.4 hours spent by Mr. Petkus, and 103.5 hours spent by Mr. Schook should be awarded for court matters and depositions where multiple attorneys appeared on behalf of Plaintiff, and for Mr. Schook's presence at the entire trial as a third counsel on behalf of Plaintiff.

(c) Whether expenses not compensable pursuant to 28 U.S.C. §1920 and Local Rule 54.1, should be compensable as indicated in Defendants' filed Response to Plaintiff's Bill of Costs.

(d) Whether expenses not sought within 30 days of the verdict and not compensable pursuant to 28 U.S.C. §1920 and Local Rule 54.1, including expert fees, should be compensable.

The parties have not determined whether the underlying judgment in the case will be appealed as Defendants' post-trial motions are still pending. There also remains in dispute the appropriate fees to be awarded.

(4) (Local Rule 54.3(d)(e)(4)):

(A) Fees and costs are sought based on a verdict and judgment and
(B) Defendants have not determined whether they intend to appeal the judgment.

May 3, 2010

Respectfully Submitted,

Jacqueline Fegan, plaintiff,

By: s/ Karl H. Schook
One of her attorneys

Certificate of Service

I hereby certify that I served the foregoing using the court's CM/ECF system which will send notification of such filing to the counsel of record.

May 3, 2010

s/ Karl H. Schook
Karl H. Schook

Craig D. Tobin
Tomas Petkus
Karl H. Schook
Tobin Petkus & Muñoz, L.L.C.
Attorneys for Plaintiff
Three First National Plaza, #1950
Chicago, IL 60602-4298
Office (312) 641-1321
Facsimile (312) 641-5220
Email ctobin@barristers.com
tomaspetkus@barristers.com
khschook@barristers.com
Web www.barristers.com

\\Ma01\data - client\Tobin, Craig\Fegan v. City\Post-Trial\Petition, fees and costs\motion, clarification, fees.doc