**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE FEGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 06 C 6767** |
| | ) | |
| **v.** | ) | **Judge Joan H. Lefkow** |
| | ) | |
| **ROBERT REID # 17285, JAMES YOUNG** | ) | |
| **#8883, MICHAEL DREW #13167, DENIS** | ) | |
| **DOHERTY #8222, and the CITY OF** | ) | |
| **CHICAGO, a municipal corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Jacqueline Fegan brought suit against four officers of the Chicago Police Department, Denis Doherty, Michael Drew, Richard Reid, and James Young, related to a May 18, 2006 incident in which she was arrested for jaywalking.[1]  After a three week trial, a jury found in Fegan's favor and against Reid on Fegan's unlawful seizure, excessive force, and intentional infliction of emotional distress ("IIED") claims.  Reid, Doherty, Drew, and Young were found liable on Fegan's federal and state conspiracy claims.  The jury awarded Fegan $1,553,000 in compensatory damages.  Defendants moved for judgment as a matter of law and a new trial.  The facts surrounding the case are well-known to the parties and will only be repeated here as necessary.  For the following reasons, defendants' motions [#184, 185] are denied.

---

[1] The City of Chicago is also a defendant, for indemnification purposes only.

**LEGAL STANDARDS**

Under Rule 50(b), judgment as a matter of law may be entered where "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue." *Kossman* v. *Ne. Ill. Reg'l Commuter R.R. Corp.*, 211 F.3d 1031, 1036 (7th Cir. 2000) (quoting Fed. R. Civ. P. 50) (internal quotation marks omitted) (alterations in original). After reviewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party, the court must determine whether the verdict is supported by sufficient evidence. *Id.*; *Tincher* v. *Wal-Mart Stores, Inc.*, 118 F.3d 1125, 1129 (7th Cir. 1997). While the court will overturn a jury verdict only if it concludes that "no rational jury could have found for the plaintiff," *Collins* v. *Kibort*, 143 F.3d 331, 335 (7th Cir. 1998) (citation omitted) (internal quotation marks omitted), "a mere scintilla of supporting evidence will not suffice." *Millbrook* v. *IBP, Inc.*, 280 F.3d 1169, 1173 (7th Cir. 2002) (quoting *Futrell* v. *J.I. Case*, 38 F.3d 342, 356 (7th Cir. 1994)) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 59(a), "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The district court is to consider whether the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party. *McNabola* v. *Chi. Transit Auth.*, 10 F.3d 501, 516 (7th Cir.1993) (citations omitted) (internal quotation marks omitted). The court may grant a new trial based on substantial errors in the admission or rejection of evidence. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice and Procedure § 2805 (2d ed. 1995) (citing cases). In considering a motion

for a new trial, the court is entitled to weigh the evidence for itself, *Thomas* v. *Stalter*, 20 F.3d 298, 304 (7th Cir. 1994) (citing 11 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 2806, at 44-45 (1st ed. 1973)),[2] and to assess the witnesses' credibility. *Id.* (citing *Whalen* v. *Roanoke County Bd. of Supervisors,* 769 F.2d 221, 226 (4th Cir.1985), *overruled on reh'g on other grounds*, 797 F.2d 170, 171 (4th Cir. 1986) (per curiam) (en banc)). The court should not grant a new trial based on the weight of evidence unless "the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Latino* v. *Kaiser*, 58 F.3d 310, 315 (7th Cir. 1995). This rule stems from the Seventh Amendment's limitations on the judge's power to reexamine the jury's verdict. *Id*. at 314. "The district judge can take away from the jury testimony that reasonable persons could not believe. However, that exception is a narrow one, and can be invoked only where the testimony contradicts indisputable physical facts or laws." *Id.* at 315 (citations omitted).

## DISCUSSION

### I.     Judgment as a Matter of Law

Defendants assert that judgment should have been entered in their favor as a matter of law on Fegan's unlawful seizure, IIED, and federal and state conspiracy claims, as no reasonable jury could have found for her on these claims. They argue that the testimony elicited at trial established that Reid had probable cause to arrest Fegan. Defendants further contend that Fegan did not establish the degree of severity required for conduct to be found so extreme as to

---

[2] The 1995 edition contains the same statement. *See* 11 Wright, Miller & Kane, Fed. Practice and Procedure § 2805, at 67.

establish IIED.  If the adverse unlawful seizure and IIED findings are reversed, defendants posit

that the conspiracy claims also fail.  Even if this is not the case, defendants contend that the

evidence did not establish the elements of a conspiracy.  Finally, defendants argue that they are

entitled to qualified immunity on the federal claims.

A.     **Unlawful Seizure**

To prevail on her unlawful seizure claim, Fegan had to establish the absence of probable

cause for her arrest and detention.  *See Kelley* v. *Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

Probable cause exists if "at the moment the arrest was made . . . the facts and circumstances

within [the police officer's] knowledge and of which [he] had reasonably trustworthy

information were sufficient to warrant a prudent man in believing that [plaintiff] had committed

or was committing an offense."  *Beck* v. *Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142

(1964); *see also Thompson* v. *Wagner*, 319 F.3d 931, 934 (7th Cir. 2003).  Probable cause is

evaluated "not on the facts as an omniscient observer would perceive them but on the facts as

they would have appeared to a reasonable person *in the position of the arresting officer* – seeing

what he saw, hearing what he heard."  *Mahoney* v. *Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992).

"[P]robable cause demands even less than probability; it requires more than bare suspicion but

need not be based on evidence sufficient to support a conviction, nor even a showing that the

officer's belief is more likely true than false."  *Woods* v. *City of Chi.*, 234 F.3d 979, 996 (7th Cir.

2000) (citations omitted) (internal quotation marks omitted); *see also Maryland* v. *Pringle*,

540 U.S. 366, 370–71, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) ("The probable-cause standard

is incapable of precise definition or quantification into percentages because it deals with

probabilities and depends on the totality of the circumstances.").

Sufficient evidence existed for the jury to find against Reid on the unlawful seizure claim.  Drawing all reasonable inferences in Fegan's favor, the jury could reasonably have concluded that a reasonable person in Reid's position, knowing that Fegan was a Traffic Management Authority ("TMA") supervisor engaged in the duties of that position, would not have believed that Fegan was committing or about to commit an offense when she started to cross the street to consult her supervisor.[3]  The jury was entitled to conclude that arresting Fegan for jaywalking while on duty was, rather, a pretext used to punish Fegan for not acquiescing to his demand to nullify his parking ticket.  A TMA supervisor has authority to exercise the same powers as police officers to direct and regulate traffic, which admittedly would include entering roadways in places other than crosswalks, and the jury was so instructed.  *See* Municipal Code of Chicago Sec. 9-4-101 ("'Traffic control aide' means any person designated by the superintendent of police or the executive director of emergency management and communications to exercise the power of a police officer to direct or regulate traffic or to issue citations for violation of parking and compliance ordinances.").  Certainly the defense had no evidence of any other instance of a police officer or TMA officer having been arrested for jaywalking while on duty.  Any reasonable construction of the municipal ordinance would permit a TMA supervisor to cross safely into the street to the median where she had lawfully parked her car to consult with her co-supervisor who had lawfully parked in the median.  Because there was sufficient evidence from which to find that there was no probable cause to arrest Fegan, the court will not disturb the jury's verdict.

---

[3] Whether Fegan actually stepped off the curb is immaterial to the court's conclusion that a jury could have concluded that Reid did not have probable cause.

**B.      IIED**

Defendants also argue that no reasonable jury could have found for Fegan on her IIED claim. They, however, did not request judgment as a matter of law on this claim in a pre-verdict motion. Thus, they have waived their argument related to this claim. *See* Fed. R. Civ. P. 50 & advisory committee notes; *Exxon Shipping Co.* v. *Baker*, --- U.S. ----, 128 S. Ct. 2605, 2617 n.5, 171 L. Ed. 2d 570 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury."); *Pierson* v. *Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

**C.      Conspiracy**

Defendants argue that because judgment as a matter of law must be entered on the unlawful seizure and IIED claims, it is also appropriate on both the federal and state conspiracy claims. As discussed above, however, the court has concluded that judgment as a matter of law is not appropriate for Fegan's unlawful seizure claim and that defendants waived their argument regarding the IIED claim. Although defendants did move for judgment as a matter of law pre-verdict on Fegan's state law conspiracy claim, they did so only with regard to her state law claims of false arrest and imprisonment, all claims Fegan abandoned before the case went to the jury, and not IIED. Thus, the court need not address whether judgment as a matter of law is appropriate on the claim of conspiracy to intentionally inflict emotional distress.

Concerning the federal conspiracy claim, the jury was instructed that for Fegan to prevail on the claim, it had to find (1) an agreement between any two or more of the individual defendants to participate in an unlawful act or a lawful act in an unlawful manner to deprive Fegan of her federal constitutional rights, (2) an overt act pursuant to and in furtherance of the

scheme committed by one or more of the individual defendants, and (3) injury to Fegan resulting from the overt act. *See Scherer* v. *Balkema*, 840 F.2d 437, 441–42 (7th Cir. 1988). The agreement may be express or implied. *Id.*

While evidence of an express agreement was not presented, taken in the light most favorable to Fegan, the record provides sufficient evidence to permit the jury to conclude that an implicit agreement existed to deprive Fegan of her constitutional rights. Although there was no testimony about a specific conversation among defendants about arresting Fegan, the other officers were not just innocent bystanders to Reid's conduct. As charged, a conspiracy to unlawfully seize Fegan did not just cover her initial arrest but also extended to the subsequent detention, meaning that an agreement among defendants could have evolved subsequent to Fegan's arrest. The jury, at least, could reasonably infer that the four defendants' conduct amounted to a partially implicit, partially explicit agreement to violate plaintiff's civil right not to be seized without probable cause, that seizure including her continued detention during which they discussed what charges they would lodge against her.

Mary Beth Herman, a TMA aide, and Tom Ryan, a TMA supervisor, testified that the officers encircled Fegan, with at least more than one raising their voice and shouting. Each testified that one officer told them to mind their own business or else they would receive the same treatment. Fegan and Reid testified that one of the other officers helped with the handcuffing.[4] Doherty and Young admitted to assisting in getting Fegan into the squadrol. Even if this evidence is disregarded as better fitting within the construct of a claim for failure to

_____

[4] Fegan identified Young as this officer at trial, but none of the officers would identify the handcuffing officer, claiming not to remember.

intervene, *Abdullahi* v. *City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005),[5] there was evidence that the defendants planned together what charges they could level against Fegan (none of which, by the way, was jaywalking).[6]  Although the arrest reports were produced after Fegan was released from custody, the jury was entitled to conclude that they reflected a prior agreement amongst defendants to detain her without probable cause.

For these reasons, the court finds that the evidence was sufficient for a reasonable jury to make the necessary findings to support the federal conspiracy claim: that the defendant officers agreed to seize plaintiff and did an overt act in furtherance of the agreement, causing her damage.           **D.      Qualified Immunity**

As discussed above, the jury was entitled to find that Reid did not have probable cause to arrest Fegan.  Reid is not entitled to qualified immunity for his actions, as no reasonable officer could have believed Fegan's arrest to be lawful, in light of clearly established law and the information Reid possessed.  *See Hunter* v. *Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d. 589 (1989) (quoting *Anderson* v. *Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

## II.    Motion for a New Trial

In support of their motions for new trial, defendants assert a multitude of grounds and challenge a substantial number of the court's previous rulings.  For many of these issues,

---

[5] An officer is liable for failing to intervene if (1) the officer has reason to know that a law enforcement official is committing a constitutional violation and (2) the officer has a realistic opportunity to intervene.  *Abdullahi*, 423 F.3d at 774.

[6] Captain Zawis refused to approve charges against Fegan, leaving inchoate the plan to violate plaintiff's due process right not to be falsely charged, at the same time eliminating any state court remedy plaintiff might have had by way of a malicious prosecution claim.

defendants have offered no new arguments in support of their present motion, have contradicted positions taken during trial, or misrepresent what actually occurred at trial. The court is not persuaded that any of these grounds or challenges have merit or warrant further discussion. Thus, defendants' motion for a new trial is denied.

## CONCLUSION AND ORDER

Defendants' motions for judgment as a matter of law [#185] and a new trial [#184] are denied.


Dated: August 19, 2010                    Enter: _____

                                          JOAN HUMPHREY LEFKOW
                                          United States District Judge